IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL K. MARPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-06-1182-T |
| | ) |
| MICHAEL ASTRUE, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Cheryl Marple seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings.

I.     BACKGROUND

Ms. Marple applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 75-77 (certified Nov. 17, 2006) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 29-30. A hearing took place,[1] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform past relevant work.[2] The Appeals Council declined jurisdiction,[3] and the present

---

[1]     *See* Rec. at pp. 377-409.

[2]     Rec. at pp. 20, 26-27.

[3]     Rec. at pp. 7-10.

action followed. As alleged by Ms. Marple, the administrative law judge failed to consider evidence which supported a treating physician's opinion of total disability.[4]

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). To make this determination, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings . . . ." *Id.* at 1262. If the SSA's decision lacks substantial evidence, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

III.    DR. SMITH'S OPINION REGARDING TOTAL DISABILITY

A treating physician, Dr. Brent Smith, opined that the Plaintiff was totally disabled. Rec. at pp. 310, 313, 316. As Ms. Marple points out, the administrative law judge had failed to consider evidence which supported Dr. Smith's opinion.

---

[4]     Ms. Marple also alleges errors in the Appeals Council's denial of the request for review, in the administrative law judge's credibility analysis, and in the questioning of the vocational expert. The Court need not consider these arguments in light of the suggested reversal and remand on other grounds. *See infra* pp. 2-9.

2

A.    The Administrative Law Judge's Duty to Consider Evidence Which Supported
        Dr. Smith's Opinion

Dr. Smith's assessment of a disability involved an issue reserved to the SSA

Commissioner. *See* 20 C.F.R. § 404.1527(e)(1) (2006).[5] As a result, the conclusion did not

involve a "medical opinion" or merit special significance. *See* Social Security Ruling 96-5p,

Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved

to the Commissioner, 1996 WL 374183, Westlaw op. at 2 (July 2, 1996); *see also* 20 C.F.R.

§ 404.1527(e)(3) (2006) (a medical source opinion of disability will not be given "any special

significance"). But the administrative law judge still had to "evaluate all the evidence . . .

to determine the extent to which the opinion [was] supported by the record." Social Security

Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on

Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 3 (July 2, 1996).

This duty included review of all evidence supporting Dr. Smith's assessment of a disability.

*See* 20 C.F.R. § 404.1527(e)(1) (2006) ("we review all of the medical findings and other

evidence that support a medical source's statement that you are disabled"). The

administrative law judge did not comply with this obligation.

---

[5]    The Court should apply the Social Security regulations which were in effect at the time of
the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th
Cir. 2004).

3

B.    The Administrative Law Judge's Consideration of Dr. Smith's Opinions

In her summary of the evidence, the administrative law judge acknowledged Dr. Smith's opinion that Ms. Marple was totally disabled. Rec. at p. 23. But the judge elsewhere discounted Dr. Smith's opinions, stating that they "ha[d] not been consistent with the other medical evidence of record" and that "the objective findings of record ha[d] not supported the limitations indicated by Dr. Smith." *Id.* at p. 26. The judge's analysis is flawed by the apparent failure to consider medical evidence supporting Dr. Smith's assessment.

C.    The Administrative Law Judge's Failure to Consider Medical Evidence that Supported Dr. Smith's Opinion

Dr. Smith opined that Ms. Marple was "permanently and completely disabled." *Id.* at p. 310; *see id.* at p. 313 (Dr. Smith's opinion that Ms. Marple was "unable to work").[6] As discussed above, the administrative law judge had a duty to consider and discuss any evidence which would support Dr. Smith's opinions. *See supra* p. 3. The judge failed to comply by disregarding:

- opinions from the Texas Back Institute ("TBI") concerning the presence of arachnoiditis and the need for prescription narcotics and

_____

[6]      In three letters, Dr. Smith also expressed opinions regarding Ms. Marple's pain, need for narcotics, inability to continuously remain seated or standing, limited sensation in the feet and legs, and diagnosis of lumbar disc disease. Rec. at pp. 310, 313, 316. In the opening brief the Plaintiff referred to the failure to consider Dr. Smith's "medical opinion," but did not identify it. Plaintiff's Opening Brief (Untitled) at p. 4 (Feb. 5, 2007). In the final sentence in the section, however, Ms. Marple referred to Dr. Smith's opinion regarding the inability to perform an eight-hour workday. *Id.* at p. 11. This opinion is not a medical one. *See* 20 C.F.R. § 404.1527(e)(1) (2006) (assessment of a disability is not a "medical opinion"). Nonetheless, the Plaintiff has apparently relied on this opinion, as it is the only one identified in the argument involving a failure to discuss medical evidence supporting Dr. Smith's assessment.

4

• opinions by a treating physician, Dr. Henry Ndekwe, regarding pain in the hips and lower back.[7]

TBI records stated that a CT myelogram had revealed arachnoiditis,[8] which involved

"inflammation of the membrane covering the spinal cord."[9] This condition can cause:

• "intermittent ill-defined burning pain,"

• "sensory dyesthesia," and

• "neurogenic bladder or bowel incontinence."

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(K)(2)(a) (2006); *see also Lewis v. Barnhart,* 201

F. Supp. 2d 918, 936 (N.D. Ind. 2002).[10] The SSA has stated: "Individuals with

---

[7] Ms. Marple also argues that the administrative law judge had committed reversible error under Social Security Ruling 96-5p for failure to consider:

• opinions by the TBI regarding complaints of incontinence and the inability to engage in certain activities,

• opinions by a state agency physician, Dr. Bradley Haskell, regarding Ms. Marple's ability to walk, flex her back, and sit still or stand for long periods of time, and

• opinions by a treating physician, Dr. Henry Ndekwe, regarding nausea and diarrhea.

The Court need not consider this argument because of the need for reversal on other grounds. *See supra* pp. 2-5; *infra* pp. 5-9.

[8] Rec. at pp. 353-54.

[9] *Fitter v. Shalala,* 5 F.3d 547, 1993 WL 332306, Westlaw op. at 2 (10th Cir. Aug. 23, 1993) (unpublished op.).

[10] There the court stated:

The case law is limited on arachnoiditis, but enough exists to indicate that it can be a serious problem . . . . It is a nerve injury common among patients who have had multiple back surgeries. Arachnoiditis may cause "headache, epileptic seizures, blindness, slowly progressive spastic paralysis (difficulties with movements due to

5

arachnoiditis, particularly when it involves the lumbosacral spine, are generally unable to sustain any given position or posture for more than a short period of time due to pain." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(K)(2)(b) (2006).

In addition, a TBI physician discussed Ms. Marple's use of prescription narcotics and recommended continued use of Tylox.[11] Rec. at p. 348.

Neurologist Dr. Henry Ndekwe noted pain upon extension of the lumbar spine and diagnosed Ms. Marple with lumbar post-laminectomy syndrome,[12] intractable low back pain, lower extremity pain, and lumbar radiculopathy.[13] *Id.* at pp. 288, 290-91, 297.[14] And radiculopathy is considered a clinically determinable medical impairment that can generate

---

increased muscle tension) affecting both legs or all four limbs." There is "no effective treatment" for arachnoiditis.

*Lewis v. Barnhart*, 201 F. Supp. 2d 918, 936 (N.D. Ind. 2002) (citations omitted).

[11]    Tylox is "a semisynthetic narcotic analgesic" which is "indicated for the relief of moderate to moderately severe pain." *Pennington v. Chater*, 113 F.3d 1246, 1997 WL 297684, Westlaw op. at 2 (10th Cir. June 5, 1997) (unpublished op.) (citation omitted).

[12]    As noted above, TBI doctors diagnosed arachnoiditis. *See supra* p. 5. "Medical definitions suggest that arachnoiditis may be part of a post laminectomy syndrome." *Johnson v. Commissioner*, 210 F.3d 372, 2000 WL 332059, Westlaw op. at 3 n.5 (6th Cir. Mar. 22, 2000) (unpublished op.) (*per curiam*).

[13]    "Radiculopathy is defined as a disease of the nerve roots." *Broadbent v. Harris*, 698 F.2d 407, 410 n. 1 (10th Cir. 1983) (*per curiam*). The condition involves "compress[ion] by a prolapsed or herniated disk." *Hayden v. Barnhart*, 374 F.3d 986, 988 n.5 (10th Cir. 2004) (*per curiam*).

[14]    This doctor also implanted a dorsal column stimulator for pain relief, but the treatment failed and another physician ultimately removed the device. *See* Rec. at pp. 227-30, 232, 234, 243-47, 249, 252, 282-83, 288-91, 390-91.

the type of pain relied upon by Dr. Smith.[15] Thus, the administrative law judge should have considered Dr. Ndekwe's assessment of lumbar post-laminectomy syndrome, pain, and radiculopathy. *See Saleem v. Chater*, 86 F.3d 176, 180 n.4 (10th Cir. 1996).[16]

As stated, the administrative law judge had an obligation to evaluate all evidence which supported Dr. Smith's assessment of a disability. *See supra* p. 3. Dr. Smith partially relied on findings that the Plaintiff:

- had severe and constant pain,

- suffered from lumbar disc disease,

- suffered from diabetes and neuropathy secondary to diabetes,

- had undergone four lumbar surgeries,

- had not received pain relief through the dorsal column stimulator,

- could not continuously sit still or stand because of back and leg pain, and

- would require constant and continuous use of narcotics which dulled her senses.

---

[15]    The First Circuit Court of Appeals stated: "It is . . . true that there was here 'a clinically determinable medical impairment' - [the claimant's] radiculopathy and subsequent herniated disc necessitating a laminectomy - 'that can reasonably be expected to produce the pain alleged.'" *Ortiz v. Secretary*, 890 F.2d 520, 523 (1st Cir. 1989) *(per curiam)* (citation omitted).

[16]    In *Saleem v. Chater*, the administrative law judge denied a disability claim. *See Saleem v. Chater*, 86 F.3d at 178. In part, the judge discounted the plaintiff's allegation of pain based on the absence of an anatomical problem reflected in a myelogram, CT scan, and EMG reports. *See id.* at 180 n.4. The Tenth Circuit Court of Appeals held that the administrative law judge had failed to properly evaluate the claimant's pain. *See id.* at 178. In part, the appeals court relied on the administrative law judge's failure to consider a treating physician's diagnosis of radiculopathy based on the EMG. *Id.* at 180 n.4.

7

*See* Rec. at pp. 310, 313, 316; *see also supra* p. 2. As a result, the administrative law judge should have evaluated the medical opinions concerning arachnoiditis, use of narcotics, and lower extremity pain. *See supra* pp. 4-7.

The Tenth Circuit Court of Appeals addressed similar circumstances in *Lawton v. Barnhart*, 121 Fed. Appx. 364, 373 (10th Cir. Feb. 7, 2005) (unpublished op.). There a treating physician opined that the plaintiff was totally disabled due to chronic lower back pain with radiculopathy. *Lawton v. Barnhart*, 121 Fed. Appx. at 368, 372. The administrative law judge rejected the opinion, stating that "'there [were] inconsistencies in the objective evidence'" and that "'the evidence, when considered in its entirety, [did] not substantiate [the doctor's] opinion regarding the claimant's back impairment.'" *Id.* at 373. The Tenth Circuit Court of Appeals held that the explanation was insufficient under Social Security Ruling 96-5p because "the [administrative law judge] [had] not state[d] what those inconsistencies [had been] or what objective medical evidence [had] not substantiate[d] [the doctor's] conclusions." *Id.*

*Lawton v. Barnhart* is persuasive.[17] The administrative law judge had a duty to evaluate evidence which supported Dr. Smith's disability assessment. *See supra* p. 3. Instead, the judge rejected Dr. Smith's opinions by stating that they "ha[d] not been consistent with the other medical evidence of record" and that "the objective findings of record ha[d] not supported the limitations indicated by Dr. Smith." Rec. at p. 26. Under

---

[17]    *See* Tenth Cir. R. 32.1(A).

8

*Lawton v. Barnhart*, this explanation was insufficient. *See supra* p. 8. Dr. Smith's findings were supported by the opinions of multiple physicians and objective medical testing in the form of a CT myelogram. *See supra* pp. 4-7. As a result, the judge had a duty to discuss such evidence and her failure to do so requires reversal and remand.[18]

## IV.   THE PLAINTIFF'S REQUESTS FOR RELIEF

In her request for relief, Ms. Marple seeks an immediate award of benefits. The Court should instead remand for further proceedings.

The district court has the discretion to order an immediate award of benefits. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In determining whether the discretion should be exercised, the Court should consider "the length of time the matter has been pending and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose . . . ." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

Three factors combine to support a remand for further proceedings rather than for an immediate award of benefits:

- length of time since the conclusion of the administrative action,

- absence of a prior remand order, and

---

[18]   While summarizing the evidence, the judge mentioned findings related to arachnoiditis, prescription narcotics, lower extremity pain, and the failure of the dorsal column stimulator. *See* Rec. at pp. 22-24. But the mere recitation of an opinion does not substitute for analysis. *See Volak v. Chater*, 64 F.3d 670, 1995 WL 490295, Westlaw op. at 2 (10th Cir. Aug. 16, 1995) (notwithstanding identification of the treating physician conclusions, the administrative law judge failed to state why he had discredited the opinions).

● absence of factual findings at step five.

First, although the SSA proceedings had begun in 2003,[19] the administrative process has been complete for less than a year.[20]

Second, the case has not been the subject of a prior remand.

Third, because the administrative law judge denied the claim at step four, she did not consider Ms. Marple's ability to perform other types of jobs. *See* Rec. at pp. 26-27. "Normally, when a claimant has shown that he cannot return to his past relevant work, the Secretary is given a chance to prove that there are other jobs he could do." *Piercy v. Bowen*, 835 F.2d 190, 192 (8th Cir. 1987). Because the administrative law judge had no need to consider the availability of other jobs, a remand for further proceedings would allow the SSA to fulfill its administrative role as the fact-finder in the first instance.[21]

For these reasons, the appropriate remedy is a remand for further proceedings rather than for an immediate award of benefits. *See Tucker v. Barnhart*, 201 Fed. Appx. 617, 625

---

[19] Ms. Marple filed an application for disability benefits in March 2003. *See* Rec. at pp. 75-77.

[20] *See* Rec. at p. 7 (Appeals Council denied Ms. Marple's request for review in August 2006); *see also Martinez v. Barnhart*, 444 F.3d 1201, 1204 (10th Cir. 2006) (the administrative process is complete when the Appeals Council declines jurisdiction).

[21] *See Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 1999) ("a remand for further proceedings is the appropriate remedy when an erroneous step four determination has precluded any analysis under step five"); *see also Peck v. Barnhart*, 214 Fed. Appx. 730, 737 (10th Cir. Dec. 26, 2006) (unpublished op.) (reversing with directions for a remand, rather than an immediate award of benefits, because of the appeals court's hesitation "to assume the rule of fact-finder in the first instance"); *Guy v. Massanari*, 21 Fed. Appx. 848, 850 (10th Cir. Oct. 30, 2001) (unpublished op.) ("it would be inappropriate for [the appeals court] to usurp the role of the fact finder and make the initial determination of whether [the claimant] should be awarded [disability] benefits").

(10th Cir. Oct. 19, 2006) (unpublished op.) (in lieu of awarding benefits, remand for further proceedings and consideration of evidence by the administrative law judge was the appropriate remedy even though the case had been pending for nine years).

V.    REMAND TO A NEW ADMINISTRATIVE LAW JUDGE

Ms. Marple seeks remand to a different administrative law judge on grounds of bias. The Court should deny the request.

Reassignment to a different administrative law judge is warranted only "'in the most unusual and exceptional circumstances.'" *Miranda v. Barnhart*, 205 Fed. Appx. 638, 644 (10th Cir. Aug. 11, 2005) (unpublished op.) (citation omitted). Such circumstances are absent here.

Ms. Marple's counsel alleges that the administrative law judge had:

- "constantly interrupt[ed],"

- "sp[oken] in a condescending tone,"

- "manipulat[ed] the hearing process,"

- displayed "sarcastic, adversarial and demeaning behavior,"

- acted in an adversarial manner,

- perpetrated a "hostile environment,"

- became "so incensed . . . that she simply decided that she would deny this Claimant" rather than "treat all of the facts fairly,"

- written her decision in a "deceptive way to attempt to confuse the reader,"

- asked a "sucker question" as a "trick" to end the hearing,

11

- exhibited "obvious insecurities" which led her to "deny this Claimant instead of treat [sic] all the facts fairly," and

- been "predisposed" to deny the claim.

Plaintiff's Opening Brief (Untitled) at pp. 6, 8, 11, 17 (Feb. 5, 2007); Reply Brief of the

Plaintiff at pp. 2-6 (May 1, 2007).[22]

The Plaintiff's hyperbole and personal attacks on the administrative law judge are

unsupported in the record.[23] As a result, there are no "exceptional circumstances" which

---

[22]     The Plaintiff's counsel made other derogatory remarks about the administrative law judge. For example, he stated: "[K]nowing that this [administrative law judge] has a reputation as the 'Denial Judge' of Oklahoma City, you certainly don't want to piss her off any more than she already is which is substantial." Reply Brief of the Plaintiff at p. 2 (May 1, 2007). Later, the Plaintiff's counsel stated: "I (this writer) have handled and won more than 6,000 cases. This [administrative law judge] has now been in Oklahoma City for about 2 years now. She has done the same in every hearing with me and every attorney I have spoken with about this issue which number almost 100 at the last OBA CLE." *Id.* at p. 3 n.1; *see also id.* at p. 6 ("It is almost as if [the administrative law judge] has found what she believes is a foolproof system to deny Claimant's [sic] in a hostile environment . . . ."). The attorney concludes: "Am I the only one here who smells a rat?" *Id.* at p. 9.

[23]     The same attorney made similar accusations against another administrative law judge in *Minton v. Barnhart*, Case No. CIV-02-89-AR (W.D. Okla.). There the Court affirmed the SSA's decision and remarked:

   Throughout Plaintiff's opening brief, Miles Mitzner, attorney for Plaintiff, repeatedly attacks the administrative law judge. Without any basis, he accuses the administrative law judge of acting on improper motivation, using "pull from air" techniques, hating Dr. Carson, and he implies that the administrative law judge issued an unfavorable decision based solely on the fact that he had to travel to Oklahoma City to hear the case for another judge who was ill. *See* Plaintiff's Opening Brief, pp. 6, 10, 14. While the Court understands Plaintiff's disagreement with the administrative law judge's decision, the personal attacks on him are uncalled for and are unprofessional.

*Mintor v. Barnhart*, Case No. CIV-02-89-AR, slip op. at 11 n.8 (W.D. Okla. Feb. 28, 2003) (unpublished op.).

would warrant reassignment to a different judge. *See Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) ("Selecting a new [administrative law judge] is a decision for the Secretary to make when there has been no proof of bias or partiality by the original [administrative law judge] of the case.").[24]

## VI.   NOTICE OF RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is August 6, 2007. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## VII.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 16th day of July, 2007.

Robert E. Bacharach
United States Magistrate Judge

---

[24]     If Ms. Marple persists in her objection to the assigned administrative law judge, she should follow the procedure set out in the social security regulations. *See* 20 C.F.R. § 404.940 (2006) (stating that any objections to the assigned administrative law judge shall be made to him or her and then appealed to the Appeals Council).

13