IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHERYL K. MARPLE,                          )
                                           )
                          Plaintiff,       )
                                           )
v.                                         )     Case No. CIV-06-1182-D
                                           )
MICHAEL J. ASTRUE, Commissioner,           )
Social Security Administration,            )
                                           )
                          Defendant.       )

# O R D E R

This matter is before the Court for review of the Report and Recommendation issued by

United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

Judge Bacharach recommends a reversal and remand under 42 U.S.C. § 405(g), of a decision of the

Social Security Administration denying Plaintiff's application for disability insurance benefits.  The

Commissioner has timely filed a written objection.   Thus the Court must make a *de novo*

determination of any portion of the Report to which specific objection is made, and may accept,

modify, or reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Bacharach concludes that the administrative law judge (ALJ) did not apply a correct

legal standard when she failed to evaluate all the evidence of record that supports the opinion of

Plaintiff's primary physician, Dr. Brent Smith, of total disability.  Specifically, Judge Bacharach

finds the ALJ did not consider the following medical evidence: (1) opinions from the Texas Back

Institute (TBI) diagnosing Plaintiff with arachnoiditis and recommending continued use of

prescription narcotics for pain; and (2) opinions of another treating physician, Dr. Henry Ndekwe,

diagnosing Plaintiff with lumbar post-laminectomy syndrome, intractable low back pain, lower

extremity pain, and lumbar radiculopathy.  Judge Bacharach concludes this evidence supports

Dr. Smith's findings that Plaintiff had severe and constant pain; suffered from lumbar disc disease, diabetes, and neuropathy; had undergone four lumbar surgeries; had not received pain relief through a dorsal column stimulator; could not continuously sit or stand due to back and leg pain; and required constant and continuous use of narcotics.

In the objection, Defendant contends Judge Bacharach erred in his conclusions because the ALJ discussed both the TBI records, including a finding of "some arachnoiditis" (Tr. 23, 353), and Dr. Ndekwe's diagnoses of "lumbar post-laminectomy syndrome [and] bilateral hip and low back pain" (Tr. 22, 227, 290).[1]  According to Defendant, Judge Bacharah simply disagrees with the ALJ's assessment of the medical evidence and has substituted his judgment for the ALJ's findings. Defendant argues that the ALJ properly focused on Plaintiff's functional limitations rather than her medical diagnoses.

Upon consideration of the record and the appellate issues, the Court finds some merit in both Judge Bacharach's conclusions and the Commissioner's criticisms.  A review of the ALJ's decision reveals that the ALJ did, in fact, consider evidence that Judge Bacharach states was overlooked. However, a review of the entire record also reveals Plaintiff's lengthy history of lower back and extremity pain and repeated attempts to obtain pain relief.  Dr. Smith managed Plaintiff's care with various recommendations for surgical, pharmaceutical, and other treatments for chronic pain, some of which generated improvement but all of which failed to eliminate Plaintiff's need for narcotic pain medications.[2]  From the TBI records, the ALJ emphasized an improvement in Plaintiff's pain-

---

[1]  Dr. Smith referred Plaintiff to Dr. Ndekwe for implantation of the dorsal column stimulator.  (Tr. 288.)  Other doctors were also consulted and the stimulator was later removed by Dr. Mark Duncan.  (Tr. 244, 265.)

[2]  The ALJ states Dr. Smith began managing Plaintiff's medications in September, 2003; however, his records reflect continuous treatment since September, 2002, with prescriptions for pain.

related symptoms during her examinations in June and July of 2004 (Tr. 23-24, 346, 348), but even these notes were accompanied by a prescription for continued use of Tylox for pain (Tr. 348). A review of the ALJ's decision reveals no proper assessment of Plaintiff's overriding complaint of disabling pain nor any evaluation of Dr. Smith's opinion on this issue, as required by 20 C.F.R. § 404.1529, Social Security Ruling 96-7p, and Social Security Ruling 96-5p.[3] For these reasons, the Court concurs in Judge Bacharach's conclusion that the ALJ failed to apply correct legal standards.

IT IS THEREFORE ORDERED that Court adopts Judge Bacharach's Report and Recommendation [Doc. No. 18] as modified by this Order. The Commissioner's decision is reversed and the case is remanded for further proceedings. Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of March, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] The Commissioner in his initial response argued that the ALJ's credibility assessment was adequate because the ALJ considered inconsistencies between the objective medical evidence and Plaintiff's complaints. The only "objective findings" mentioned in the ALJ's discussion of this issue, however, concern Plaintiff's range of motion in joints and sensory loss in her right leg. (Tr. 26.) The totality of ALJ's credibility assessment regarding Plaintiff's pain consisted of noting Plaintiff's minimal activities of daily living and making a conclusory statement: "After considering the evidence of record, the undersigned determined Plaintiff's medically determinable impairments could have been reasonably expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms have not been entirely credible." (Tr. 26.) This is patently insufficient under SSR 96-7p, *Luna v. Bowen*, 834 F.2d 163 (10th Cir. 1987), and its progeny.