IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL K. MARPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1182-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter comes before the Court upon Plaintiff's Motion to Vacate Judgment & Reopen Case Pursuant to Rule 60 to File for 406(b) Fees [Doc. No. 29]. As suggested by the caption, Plaintiff moves to vacate the judgment entered in her favor on March 28, 2008, which reversed an adverse decision of the Commissioner and remanded the case for further administrative proceedings. This unusual request may reflect a misreading of controlling case law. The court of appeals has held that the appropriate procedural mechanism for a claimant to request attorney fees from the district court under 42 U.S.C. § 406(b)(1), when the claimant prevails after remand and obtains an award of past-due benefits from the Commissioner, is to move for relief from the judgment under Fed. R. Civ. P. 60(b)(6). *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). The result is not a vacation of the judgment, but an amendment to include an award of fees that became available only after it was too late to file a fee request under Fed. R. Civ. P. 54(d)(2)(B). *See id*. at 504. Accordingly, Plaintiff's Motion will be denied, without prejudice to the filing of an appropriate motion for an award of fees under § 406(b)(1) and Rule 60(b)(6).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Judgment & Reopen Case [Doc. No. 29] is DENIED, as set forth herein.

IT IS SO ORDERED this 3rd day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE